UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

HEATHER B.,

    Plaintiff,

vs.

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

    Defendant.

Case No. 3:20-cv-442

District Judge Michael J. Newman

---

**DECISION AND ENTRY: (1) REVERSING THE ALJ'S NON-DISABILITY FINDING; (2) REMANDING THIS CASE TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR FURTHER PROCEEDINGS; AND (3) TERMINATING THIS CASE ON THE DOCKET**

---

This is a Social Security disability benefits appeal. Plaintiff challenges the Administrative Law Judge's ("ALJ") finding that Plaintiff was not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB"). This case is before the Court on Plaintiff's Statement of Errors (Doc. No. 13), the Commissioner's memorandum in opposition (Doc. No. 17), Plaintiff's reply (Doc. No. 18), the administrative record (Doc. No. 11),[1] and the record as a whole.

I.

A. **Procedural History**

As relevant here, Plaintiff protectively filed for DBI on January 11, 2018, alleging disability beginning on November 12, 2014. PageID 56. She claims she suffers from one or more disabilities because of several alleged impairments including, *inter alia*, myasthenia gravis, obesity, depression, and anxiety. PageID 59.

---

[1] Hereafter, citations to the electronically-filed administrative record will refer only to the CMECF PageID number.

On October 16, 2019, ALJ Leanne Foster held a hearing with Plaintiff present. PageID 79–109. The ALJ issued a written decision on December 20, 2019, finding Plaintiff not disabled. PageID 53–69. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of sedentary work,[2] "there [are] jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 64.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision. PageID 47–52; *see Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

**B.     Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 53–69), Plaintiff's Statement of Errors (PageID 820–26), the Commissioner's memorandum in opposition (PageID 840–48), and Plaintiff's reply (PageID 850). The Court incorporates all the foregoing and sets forth the facts relevant to this appeal herein.

## II.

**A.     Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether substantial evidence supports the ALJ's non-disability finding, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

---

[2] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 404.1567(a).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "zone of choice within which he [or she] can act without the fear of court interference." *Id.* at 773 (quotation omitted).

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

3

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work—and also considering the claimant's age, education, past work experience, and RFC—do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F. Supp.2d 816, 818 (S.D. Ohio 2001).  A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition.  *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

Plaintiff, in her Statement of Errors, argues that the ALJ erred in discounting the opinion of her longtime treating physician—Dr. Bodkin—without evaluating whether his assessment was supported by, or consistent with, the medical evidence in the record.  PageID 824–26.  The Court agrees and will vacate the ALJ's non-disability finding with instructions that this issue be addressed on remand.

Prior to March 27, 2017, the Social Security Administration followed the "treating physician rule," which required ALJs to give "controlling weight" to a treating source's opinion if it was "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence" in the record.  20 C.F.R. § 404.1527(c); *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013).  In contrast, "nontreating and nonexamining sources [were] never assessed for controlling weight." *Id.* (internal quotation marks omitted).  When treating source opinions did not control, the Commissioner could weigh

4

nontreating opinions "based on the examining relationship (or lack thereof), specialization, consistency, and supportability . . . ." *Id.* (citing 20 C.F.R. § 404.1527(c)).

The Social Security Administration's new medical source regulation has since changed how ALJs must evaluate medical opinion evidence. *See* 20 C.F.R. § 404.1520c (governing DIB applications made after March 27, 2017). Under this new regulation, which applies to Plaintiff's application, an ALJ "will not defer or give any evidentiary weight, including controlling weight to any medical opinion(s) . . . ." 20 C.F.R. § 404.1520c(a). Instead, the ALJ must evaluate each medical opinion's persuasiveness based on its: (1) supportability; (2) consistency; (3) relationship with the plaintiff; (4) specialization; and (5) "other factors that tend to support or contradict a medical opinion or prior administrative medical finding." 20 C.F.R. § 404.1520c(c). Supportability and consistency are the most important factors; ALJs must "explain how [they] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in [their] determination or decision." 20 C.F.R. § 404.1520c(b)(2). ALJs "may, but are not required to," consider factors three through five when evaluating medical source opinions. 20 C.F.R. § 404.1520c(b)(2). Only when multiple opinions are "[e]qually persuasive" must the ALJ evaluate the remaining three factors. 20 C.F.R. § 404.1520c(b)(3).

For supportability, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be." 20 C.F.R. § 404.1520c(c)(1). For consistency, "[t]he more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . ." 20 C.F.R. § 404.1520c(c)(2).

5

While this new regulation is less stringent than the old treating physician rule, an ALJ must still "provide a coherent explanation of his [or her] reasoning." *Lester v. Saul*, No. 5:20-cv-01364, 2020 WL 8093313, at *14 (N.D. Ohio Dec. 11, 2020), *report and recommendation adopted sub nom.*, *Lester v. Comm'r of Soc. Sec.*, No. 5:20-cv-1364, 2021 WL 119287 (N.D. Ohio Jan. 13, 2021). The ALJ's medical source opinion evaluation must contain a "minimum level of articulation" to "provide sufficient rationale for a reviewing adjudicator or court." *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844, 5858 (Jan. 18, 2017). If an ALJ does not "meet these minimum levels of articulation," it "frustrates this [C]ourt's ability to determine whether her disability determination was supported by substantial evidence." *Warren I. v. Comm'r of Soc. Sec.*, No. 5:20-cv-495, 2021 WL 860506, at *8 (N.D.N.Y. Mar. 8, 2021).

Here, Dr. Bodkin, Plaintiff's longtime treating physician, completed a medical source statement on Plaintiff's ability to do work-related physical activities. PageID 698–702. He opined she could perform sedentary work when fatigued but her myasthenia gravis would cause her to miss at least two days of work per month. *Id.* The ALJ agreed that Plaintiff could perform sedentary work when fatigued but rejected Dr. Bodkin's opinion that she would be absent from work twice per month. PageID 63. Because the record did not show Plaintiff's myasthenia gravis frequently reached "crisis" mode, *i.e.*, causing debilitating pain and requiring hospitalization, the ALJ found Plaintiff would not miss two days of work per month. *Id.* The ALJ generally cited to two record exhibits, containing about 400 pages of medical records, to support this conclusion. *Id.* But the ALJ did not specifically identify the record evidence that, in her view, contradicted Dr. Bodkin's opinion that Plaintiff would miss work twice per month. *Id.*

This vague and conclusory analysis of Dr. Bodkin's opinion was insufficient, even under the new medical source regulation. *See, e.g.*, *Miles v. Comm'r of Soc. Sec.*, No. 3:20-cv-410, 2021

WL 4905438, at *6 (S.D. Ohio Oct. 21, 2021) (ALJ's failure to articulate whether a medical source's opinion was supported by, or consistent with, the medical record was reversible error), *report and recommendation adopted*, No. 3:20-cv-410, 2021 WL 5235326, at *1 (S.D. Ohio Nov. 10, 2021). The ALJ made no effort to "show her work" by identifying specific record evidence that explained why Dr. Bodkin's opinion was not supported by, and consistent with, the medical evidence. *Hardy v. Comm'r of Soc. Sec.*, 554 F. Supp. 3d 900, 909 (E.D. Mich. 2021). This Court, therefore, cannot conduct a "meaningful" review of the ALJ's decision and reversal is mandated. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 409 (6th Cir. 2009).

### IV.

When, as here, the ALJ did not follow "the applicable regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right[,]" the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order an award of benefits. *Bowen*, 478 F.3d at 746. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987). In this instance, evidence of disability in the present record is not overwhelming, and a remand for further proceedings is necessary.

### V.

For the foregoing reasons, the Court: (1) **REVERSES** the ALJ's non-disability finding as unsupported by substantial evidence; (2) **REMANDS** this case to the Commissioner for further

proceedings under the Fourth Sentence of 42 U.S.C. § 405(g); and (3) **TERMINATES** this case on the docket.

    **IT IS SO ORDERED.**

Date: August 17, 2022                      /s/Michael J. Newman
                                                               Hon. Michael J. Newman
                                                               United States District Judge